NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL HONG, YEO S. HAN, SOON C. MYUNG, and MIN SUN KIM on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EVERBEAUTY, INC. and BONG KIM,<br><br>Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action 2:11-cv-3286(DMC)(JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants EverBeauty, Inc. and Bong Kim (collectively "EverBeauty" or "Defendants") to dismiss, or alternatively, stay this action in favor of related proceedings filed in New Jersey State Court (the "State Action"). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of all parties, it is the decision of this Court for the reasons herein expressed that Defendants' motion to dismiss, or alternatively, stay this action is **denied**.

I.  **BACKGROUND**[1]

Defendant EverBeauty, Inc. ("EverBeauty") is a New Jersey Corporation that engages in the business of importation and wholesale of high quality wigs, hairpieces, braids, extensions, and accessories. (Defs.' Br. Supp. Mot. Dismiss, p. 2, ECF No. 6-13). Defendant Bong Kim

---

[1] These facts have been taken from the parties' respective submissions to this Court.

("Bong Kim") is alleged to be EverBeauty's Chairman or Chief Executive Officer who exercised control over the employment of EverBeauty employees. (Pls.' Compl. ¶ 10). Plaintiffs Paul Hong ("Hong"), Yeo S. Han ("Han"), Soon C. Myung ("Myung"), and Min Sun Kim ("Kim")(collectively "Plaintiffs") are all New Jersey residents and former EverBeauty employees. (Pls.' Compl. ¶¶ 5 - 8, 10).

On May 5, 2011, EverBeauty filed a lawsuit in the Superior Court of New Jersey, Bergen County against the Plaintiffs to the instant action (the "State Action")(Defs.' Br. p. 2). Within the complaint, EverBeauty raised allegations of breach of duty of loyalty, breach of fiduciary duty, conversion, tortious interference with prospective economic advantage, breach of the covenant of good faith and fair dealing, unjust enrichment, unfair competition/misappropriation of proprietary information and trade secrets, and trade libel. (Def.'s Compl. State Action L-3897-11, pp. 3-8, ECF No. 6-3). EverBeauty also sought a declaratory judgment pursuant to N.J.S.A. 2A:16-50 for a determination of the rights and obligations of the parties relating to the state Defendants' (the Plaintiffs to this action) claims for back wages and overtime pay. Id. at 9-10. All of EverBeauty's Counts against Plaintiffs arose out of Plaintiffs' alleged unlawful actions during and after their employment with EverBeauty. (Defs.' Br. p. 2).

On June 7, 2011, Plaintiffs filed the instant lawsuit against EverBeauty in the District Court of New Jersey (the "Federal Action"). (Pl.'s Compl. ECF No. 1). In their Complaint, Plaintiffs allege violations of the Fair Labor Standards Act ("FLSA") and the New Jersey State Wage and Hour Law (the "State Law") for Defendants' alleged failure to pay Plaintiffs overtime wages. Id.

On or about July 19, 2011, Plaintiffs Kim and Han served answers to the complaint in the

State Action, in which they each raised defenses regarding their compensation, classification, and workload during the course of their employment with EverBeauty.[2]  In addition, Plaintiff Han included a demand for counter-suit against Plaintiff for devastating his life and hurting his reputation. (Han Statement).  Pursuant to this demand, Han seeks $500,000 in damages. Id.  On July 21, 2001, an answer was filed on behalf of Myung in the State Action, in which he generally denies all of EverBeauty's claims. (Myung Answer with Separate Defenses and Cross-cl., ECF No. 6-6).  Myung further seeks contributions, by way of crossclaim, against all remaining defendants to the State Action. Id.  On or about August 14, 2011, Hong filed an answer in the State Action in which he generally denies EverBeauty's allegations and states that he "welcomes any judicial determination [regarding] any aspect of his employment with Plaintiff." (Kiel Supplemental Certification, Ex. A, ECF No. 9-2).

On August 15, 2011, EverBeauty filed a Motion to Dismiss the Complaint, or Alternatively, stay the federal proceedings pending the resolution of the State Action.  In support of this Motion, EverBeauty alleges that the circumstances of the instant litigation present the extraordinary circumstances that warrant abstention under the Colorado River doctrine.  This Court disagrees and finds that the instant dispute does not warrant the exercise of the extraordinary and narrow exception to its duty to adjudicate claims properly before it.  Accordingly, EverBeauty's motion to dismiss or, in the alternative, to stay is **denied.**

---

[2]Specifically, Plaintiffs state that they were not informed they would be categorized as an "outside salesperson," that they never held the position of "executives," that EverBeauty never told Plaintiffs there would be extra Saturday working hours, and that Plaintiffs habitually worked overtime hours both on regular work days and on business trips. (Statement Min Sun Kim ("Kim Statement"), ECF No. 6-4; Statement Yeosup Han ("Han Statement"), ECF No. 6-5).

## II. LEGAL STANDARD

In the present motion, Defendants argue that the abstention doctrine articulated in Colorado River Water Conservation District v. United States, 424 U.S. 800, 818 (1976) and further elaborated upon in Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 23, 26 (1983), counsel this Court to abstain from further resolution of the instant dispute.

"The Colorado River doctrine allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding." Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 307 (3d Cir. 2009); see Colorado River, 424 U.S. 800. "The doctrine is to be narrowly applied in light of the general principle that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'" Id. "The initial question is whether there is a parallel state proceeding that raises 'substantially identical claims [and] nearly identical allegations and issues.'" Id., citing Yang v. Tsui, 416 F.3d 199, 204 n.5 (3d Cir. 2005). "If the proceedings are parallel, courts then look to a multi-factor test to determine whether 'extraordinary circumstances' meriting abstention are present." Id. at 307-08, citing Spring City Corp. v. American Bldgs. Co., 193 F.3d 165, 171 (3d Cir. 1999). To determine whether an action presents "extraordinary circumstances" this Court considers six factors:

> (1) [in an *in rem* case,] which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties.

Id., citing Spring, 193 F.3d at 165. "No one factor is determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of

factors counseling against that exercise is required." Id., citing Colorado River, 424 U.S. at 818-19.  However, "the balancing of factors is heavily weighted in favor of the exercise of jurisdiction."  Id., citing Moses H. Cone, 460 U.S. at 16.

**III.   DISCUSSION**

The first step in applying Colorado River abstention analysis requires a court to conclude that the state and federal proceedings are parallel.  To do so, a Court must conclude that the federal and state actions "involve the same parties and 'substantially identical' claims, raising 'nearly identical allegations and issues.'" See Timoney v. Upper Merion Twp., 66 Fed. App'x 403, 405 (3d Cir. 2003), citing Trent v. Dial Med. Of Fla., Inc., 33 F.3d 217, 224 (3d Cir. 1994); see also IFC Interconsult, AG v. Safeguard Int'l Partners, LLC, 438 F.3d 298, 306 (3d Cir. 2006)("[f]or judicial proceedings to be parallel, there must be identities of parties, claims, and time.").  However, this Court finds that resolution of this threshold question is not necessary, as Defendants have failed to demonstrate that the instant dispute presents the extraordinary circumstances that warrant abstention under Colorado River.

The first two of the Colorado River factors clearly do not support abstention.  First, the instant dispute is an in personam action that does not involve a res over which the state court has assumed jurisdiction.  Second, the Federal District Court is not an inconvenient forum.  The Federal District Court in Newark, New Jersey is a short distance from the Superior Court of New Jersey in Bergen County.  Therefore, any venue-based inconvenience is de minimus. See Lin v. Green Brook Nails, LLC, No. 09-5579, 2010 WL 891620, at *3 (D.N.J. March 10, 2010), citing

Travelers Indem. Co. v. Madonna, 914 F.2d 1364, 1368 (9th Cir. 1990). In fact, Defendants concede that the convenience of the forum is irrelevant. (Defs.' Br., p. 8).

The third factor, the avoidance of piecemeal litigation, is the predominant factor for a Court to consider in assessing whether to abstain under Colorado River. Nationwide Mut. Fire Ins. Co., 571 F.3d at 309, citing Moses H. Cone, 460 U.S. at 16. This factor may best be understood as whether there is a "strongly articulated congressional policy against piecemeal litigation in the specific context of the case under review." See Ryan v. Johnson, 115 F.3d 193, 198 (3d Cir. 1997), citing Colorado River, 424 U.S. at 819. The piecemeal litigation factor is not satisfied by the mere possibility of concurrent state-federal litigation. Id. Importantly, it has previously been held in this District that the allowance of concurrent jurisdiction under the FLSA does not evidence a clear federal policy to avoid piecemeal litigation. See Lin, 2010 WL 891620, at *3, citing Spring City Corp., 193 F.3d at 172. Accordingly, this factor does not weigh in favor of abstention.

The fourth factor similarly does not support abstention. The Supreme Court has counseled that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Moses H. Cone, 460 U.S. at 21. Here, neither the State nor the Federal Action has advanced significantly beyond preliminary matters. The fact that answers have been filed by all of the Defendants in the State Action as well as requests for discovery does not constitute the kind of progress that would warrant the exercise of abstention. See Lin, 2010 WL 891620, at *3 (no priority found where state action had only advanced to the discovery stage, and no dispositive motions had been filed).

With respect to the source of law factor, Plaintiffs' Federal Action asserts claims that Defendants violated the FLSA for failure to pay overtime wages. Because "the presence of federal-law issues must always be a major consideration weighing against surrender," this Court finds that the fifth Colorado River factor does not weigh in favor of abstention. See Moses H. Cone, 460 U.S. at 26; see also Ryan v. Johnson, 115 F.3d at 199-200 (declining to abstain when a federal claim was raised and the accompanying state law claims did not involve state law "so intricate and unsettled that resolution in the state courts might be more appropriate . . . ").

Finally, the sixth factor asks this Court to determine whether the State Court would adequately protect the interests of the parties. Of particular guidance to this Court is the decision of Lin v. Green Brook Nails, LLC, 2010 WL 891620. In Lin, Chief Judge Garrett E. Brown found abstention to be inappropriate where a Federal Plaintiff raised violations of the overtime wages requirement under the FLSA and the New Jersey Wage and Hour Law in the Federal Action, while also raising similar claims in a state court action based upon the same conduct.[1] Id. at *4. Chief Judge Brown concluded that the existence of concurrent state and federal jurisdiction over the FLSA claims could weigh in favor of abstention. Id. However, despite this conclusion, Chief Judge Brown concluded that abstention was inappropriate when all other factors did not support abstention. Accordingly, this Court also concludes that while the sixth factor could weigh in favor of abstention, it does not on its own present the extraordinary circumstances required under Colorado River.

---

[1] The Plaintiff in Lin filed the following six claims in the state court action: (1) unlawful termination of Plaintiff as retaliation; (2) emotional distress caused by her termination; (3) failure to pay overtime wages in breach of contract; (4) failure to pay vacation pay in breach of contract; (5) failure to pay hospital expenses in breach of contract; (6) infliction of emotional distress as a result of her termination and loss of employment opportunities. Id. at *2.

Defendants' arguments to the contrary are unavailing.  Defendants maintain that Lin is not persuasive as it does not explain fully the analysis of each Colorado River factor.  This Court disagrees and finds Lin to be persuasive guidance for the dispute at hand.  In addition, Defendants encourage this Court to rely on case law from the Northern California District Court that is clearly distinguishable from the case at hand.  Such case law relied heavily on the consideration of an additional Colorado River factor not instituted in this Circuit - namely, whether there was an attempt to forum shop to avoid an adverse ruling in state court.  As this additional factor is not relevant to Colorado River analysis in the Third Circuit, this Court concludes that such cases are not persuasive to resolve the case at hand.[2]

---

[2]Defendants rely on California District Court cases of Waterbury v. Safeway, Inc., No. C 06-02072 JL, 2006 WL 3147687 (N.D. Cal. Oct. 31, 2006) and Robinson v. Nestle Eaters North America, No.CIV. S-11-856 LKK/KJN, 2011 WL 2174375 (N.D. Cal. Jun. 1, 2011).

In Waterbury, the Court concluded that abstention was proper when a federal suit was filed only after the state court ruled to abstain pending the resolution of several other state court cases. 2006 WL 3147687, at *5.  There, the state cases were three years old and had undergone significant progress, and Plaintiff waited three years to include claims under the FLSA. Id. at *2-5.  Moreover, there were several state actions pending at the time that addressed the same issues. Id. at *1.  In addition to concluding that such conduct weighed in favor of abstention, the Court concluded that Plaintiff's conduct amounted to forum shopping, which further counseled the Court to abstain. Id. at *5.

Similarly, in Robinson, the Court concluded that Plaintiff's obvious forum shopping was "so extreme that [the forum shopping] factor emerged as the most prevalent consideration under the Colorado River doctrine." 2011 WL 2174375, at *6.  There, Plaintiff filed in federal court only after the original state court action was transferred and Plaintiff's subsequent motion to remove to federal court was denied.  Id. The Plaintiff then filed a nearly identical complaint in federal court and added a claim under the FLSA premised upon the same conduct underlying some of the state claims.  Id.  The Court concluded that such conduct amounted to "blatant" forum shopping and "sharply tip[ped] the balance in favor of a stay." Id.

In light of the significant weight given to the facts indicating forum shopping, as well as the fact that the facts of each case are easily distinguishable, this Court finds that Waterbury and Robinson are not persuasive.

Despite the fact that the final Colorado River factor could weigh in favor of abstention, this Court finds that five of the six Colorado River factors do not favor abstention in the instant action. Accordingly, Defendants' motion to dismiss, or alternatively, stay the instant action under Colorado River is hereby **denied.**

IV.   CONCLUSION

For the foregoing reasons, Defendant's motions to dismiss and to stay the action are **denied**.

|  |  |
|---|---|
| Dated:   March  28 , 2012 | S/ Dennis M. Cavanaugh |
| | Dennis M. Cavanaugh, U.S.D.J. |
| cc:   All Counsel of Record | |
|        Hon. Joseph A. Dickson, U.S.M.J. | |
|        File | |